COURT OF CHANCERY
OF THE
STATE OF DELAWARE

NATHAN A. COOK
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

Date Submitted:  November 15, 2024
Date Decided:  February 28, 2025

Thaddeus J. Weaver, Esq.
Dilworth Paxson LLP
800 N. King Street, Suite 202
Wilmington, DE 19801

Patricia L. Enerio, Esq.
Jamie L. Brown, Esq.
Heyman Enerio Gattuso & Hirzel LLP
300 Delaware Avenue, Suite 200
New Castle, DE 19801

  Re: *Slingshot Technologies, LLC v. Acacia Research Corp., et al.*
    C.A. No. 2019-0722-NAC

Dear Counsel,

I have carefully considered the parties' arguments concerning the request of

Defendant Transpacific IP Group, Ltd. ("Transpacific") for an award of $12,415.40 in

costs against Plaintiff Slingshot Technologies, LLC ("Slingshot").  Dkt. 198.  For the

reasons described below, I grant Transpacific's request in part.

Pursuant to Court of Chancery Rule 54(d), "[e]xcept when express provision

therefor is made either in a statute or in these Rules, costs shall be allowed as of

course to the prevailing party unless the Court otherwise directs."  The Court of

Chancery retains "wide discretion in awarding or apportioning costs in each

particular case."  *BV Advisory P'rs, LLC v. Quantum Computing Inc.*, 2025 WL

554760, at *2 (Del. Ch. Feb. 19, 2025) (internal quotation marks omitted) (quoting

*Adams v. Calvarese Farms Maint. Corp.*, 2011 WL 383862, at *3 (Del. Ch. Jan. 13,

2011)).  But, "typically, the burden lies with the non-prevailing party to rebut the

presumption" under Rule 54(d) that the prevailing party will receive costs. *In re Oracle Deriv. Litig.*, 2023 WL 9053148, at \*3 (Del. Ch. Dec. 28, 2023).

The Court granted Transpacific's motion to dismiss Counts V and VI of Slingshot's second amended complaint. Dkt. 100. Transpacific then prevailed on its motion for summary judgment as to the sole remaining claim against it, Count VII. Dkt. 189, 191. Thus, Transpacific is the prevailing party, and Slingshot is the non-prevailing party. *BV Advisory P'rs*, 2025 WL 554760, at \*2-3 (addressing determination of prevailing party). Transpacific is therefore presumptively entitled to payment of its costs by Slingshot.

Here, Slingshot objects to Transpacific's request for costs as "untimely" in a single sentence in a footnote to its opposition. Dkt. 203 at 14 n.2. Relegating its objection to a footnote in this manner compels the conclusion the argument is waived. Even so, "unlike Superior Court Civil Rule 54(d), [however,] Court of Chancery Rule 54(d) does not include a deadline by which a party must move for costs." *BV Advisory P'rs*, 2025 WL 554760, at \*3. Although Transpacific could have asked for its costs sooner, Slingshot has not shown that the delay in making the request was prejudicial or inequitable. *Id.*

In the second sentence of the same two-sentence footnote, Slingshot also suggests it might object to the specific costs identified in Transpacific's Bill of Costs. Dkt. 203 at 14 n.2. Slingshot had the opportunity to object and chose not to. Any such objection is, by all rights, almost certainly waived.

But still, an award of costs is subject to this Court's wide discretion. And "[i]t must . . . be kept in mind that the allowance of . . . court costs does not amount [to] an attempt by the court to fully compensate a litigant for all the expenses the litigant incurred." *Gaffin v. Teledyne, Inc.*, 1993 WL 271443, at *1 (Del. Ch. July 13, 1993) (quoting *Sliwinski v. Duncan*, 609 A.2d 730 (Del. 1992) (TABLE)). "A successful litigant is not entitled to reimbursement under Chancery Rule 54(d) merely because the expenditure was necessary to the prosecution, maintenance and presentation of the case." *Gaffin*, 1993 WL 271443, at *1. Expenses recoverable as "costs" under Rule 54(d) are generally those which are "necessarily incurred in the assertion of [the prevailing party's] rights in court." *Id.* at *2 (quoting *Donovan v. Delaware Water & Air Res. Comm'n*, 358 A.2d 717, 723 (Del. 1976)).

Transpacific seeks reimbursement of $8,006.45 in "deposition costs." Dkt, 198 (Aff. of Jamie L. Brown), at ¶4. The invoices provided by counsel identify these costs as the expenses incurred in obtaining certified transcripts of deposition testimony. See Dkt. 198, Exs. A-B. "Court of Chancery Rule 54(d) expressly precludes the assessment of 'any charge for the Court's copy of the transcript of the testimony or any depositions.' This principle has been expanded to deny the costs of depositions and trial transcripts generally." *Tanyous v. Happy Child World, Inc.,* 2008 WL 5424009, at *1 (Del. Ch. Dec. 19, 2008) (footnote omitted). Thus, the $8,006.45 that Transpacific seeks in "deposition costs" is not recoverable under Rule 54(d).

Accordingly, I grant Transpacific's request for court costs in part, in the amount of $4,408.95.

IT IS SO ORDERED.

Sincerely,

*/s/ Nathan A. Cook*

Nathan A. Cook
Vice Chancellor